387 S.E.2d 873

BOOTHSVILLE VOLUNTEER
FIRE DEPARTMENT

v.

MARION COUNTY FIRE BOARD, INC.

No. 18920.

Supreme Court of Appeals of
West Virginia.

Dec. 21, 1989.

---

George R. Higinbotham, Higinbotham, Jones & Higinbotham, Fairmont, for Marion County Fire Bd., Inc.

James O. Watkins, Fairmont, for Boothsville Volunteer Fire Dept.

WORKMAN, Justice:

This is appeal by the Marion County Fire Board, Inc. (hereinafter Fire Board) from the December 6, 1988 [1] ruling of the Circuit Court of Marion County which granted Boothsville Volunteer Fire Department, Inc.'s (hereinafter called Boothsville) petition for writ of mandamus, directing the Fire Board to accept Boothsville's withdrawal from the Fire Board, and enjoining the Fire Board from collecting fire service fees from users of Boothsville's services. The appellant's only assignment of error is that the lower court failed to recognize that once a public corporation is created by the procedures authorized by statute, that corporation cannot be dissolved except by an act of the governmental body creating it. We disagree with appellant's contention and affirm the lower court's decision.

Originally, the Barrackville Volunteer Fire Department, Baxter Volunteer Fire Department, Boothsville Volunteer Fire Department, Banner Ridge Volunteer Fire Department, Fairmont Fire Department, Fairview Volunteer Fire Department, Farmington Volunteer Fire Department, Grant Town Volunteer Fire Department, Mannington Volunteer Fire Department, Monongah Volunteer Fire Department, Rivesville Volunteer Fire Department, Valley Volunteer Fire Department, Winfield District Volunteer Fire Department and Worthington Volunteer Fire Department incorporated and became the Marion County Fire Commission, Inc. (hereinafter called Fire Commission) on December 29, 1978 pursuant to W.Va.Code § 7–17–3 (1984). According to the articles of incorporation, the Fire Commission was a charitable, non-profit, civic corporation.

Then, on September 16, 1985 the Fire Commission, with the exception of the Man-nington Volunteer Fire Department, became the Fire Board. This occurred in accordance with the guidelines set forth in W.Va.Code § 7–17–6 (1984). Again, under the articles of incorporation, the Fire Board was a non-profit, non-stock corporation, with perpetual existence, organized "[t]o provide an organization to coordinate and govern certain financial and organizational matters concerning fire fighting and fire prevention organizations in Marion County, West Virginia."

Subsequently, on or about April 22, 1988, Boothsville submitted in writing its resignation or withdrawal from the Fire Board. The letter was accepted but no action was taken. Boothsville filed a petition for a writ of mandamus seeking to compel the Fire Board to accept the appellee's resignation and withdrawal.

The issue to be decided before this Court is, quite simply, whether a member can withdraw from a Fire Board without causing dissolution of the statutorily created public corporation. The pertinent statute involved in this case is W.Va.Code § 7–17–6 which provides in part that:

The county fire association upon two-thirds vote of its membership shall submit an application to the county commission requesting that the county commission create the county fire board. Upon receipt of such application the county commission may by majority vote create such a fire board and if so created the county fire board, if authorized, shall be a corporation.... The bylaws of the county fire board and standards of operation of the fire association shall be submitted to, and approved by, the state fire commission and county commission.

The county fire board shall consist of seven members.... The county commission shall make the initial appointments to the fire board so that one third of the fire association members and the citizen members to be so appointed shall be appointed for a term of one year, one third

1. The circuit court originally had denied Boothsville's writ of mandamus and request for injunctive relief by order entered August 24, 1988. However, the circuit court reversed its original ruling upon Boothsville's motion for reconsideration.

of the fire association members and the citizen members shall be appointed for a term of two years and one third of the fire association members and the citizen members shall be appointed for a term of three years.... The county fire association shall submit to the county commission the names of five members of the fire association, three of whom shall be appointed by the county commission to serve a term of three years.... If a member resigns or for any other reason his membership terminates during his term of office, a successor shall be appointed from the same representative area to fill out the remainder of his term. Members in office at the expiration of their respective terms shall continue to serve until their successors have been appointed and have qualified.

Annually the board shall elect one of its appointed members as chairman and another as vice chairman, and shall appoint a secretary-treasurer. Four members of the board shall constitute a quorum and the affirmative vote of four members shall be necessary for any action taken by vote of the board. No vacancy in the membership of he [sic] authority shall impair the rights of a quorum by such vote to exercise all the rights and perform all duties of the board.

First and foremost, the rules governing a member's withdrawal from a corporation depend upon the type of corporation and the corporation's purpose or function. 18A Am.Jur.2d *Corporations* § 928 (1985). There are essentially two types of corporations: stock corporations and non-stock or membership corporations. *Owyhee Grazing Ass'n v. Field*, 637 F.2d 694, 697 (9th Cir.1981); *Raulston v. Everett*, 561 S.W.2d 635, 637 (Tex.1978). It is uncontroverted that the Fire Board is a public corporation pursuant to W.Va.Code § 7–17–9 (1984)[2] and a non-stock, non-profit corporation pursuant to the articles of incorporation.

Since the Fire Board is a nonstock membership corporation, the "[m]embership in a nonstock corporation may be terminated by the expulsion or suspension of the member in accordance with articles or bylaws of the corporation or by the withdrawal or resignation of the member.... [Further,] [i]n the absence of any law or rule to the contrary, a member of a membership corporation may resign by simple announcement of his intention to do so, and no acceptance of the resignation is required to give it effect." 18A Am.Jur.2d *Corporations* § 931 (1985); *see also Owyhee*, 637 F.2d at 697; *Raulston*, 561 S.W.2d at 638; 12A Fletcher Cyc Corp *Stock and Stockholders* § 5694 (1984).

Thus, in analyzing the rules governing whether Boothsville may withdraw from the Fire Board, we must first look at the pertinent statute, then the articles of incorporation and finally the bylaws of the Fire Board.

The only legislative provision relating to withdrawal from a Fire Board is found in W.Va.Code § 7–17–6. This statute provides, in pertinent part, that "[i]f a member resigns or for any other reason his membership terminates during his term of office, a successor shall be appointed from the same representative area to fill out the remainder of his term." It appears from review of this statutory provision, that resignation of a member representative from a fire board was the only problem contemplated by the Legislature.

Not only is the above provision the only mention of withdrawal from a fire board, but absent from the statutory scheme relating to county fire boards is a mandatory membership provision providing that all volunteer fire departments in the county have to be members of a fire board. *See* W.Va.Code § 7–17–1 to –20, as amended. Hence, not all the volunteer fire departments in the county were members of the Marion County Fire Board, with the record reflecting that the Mannington Volunteer

**2.** West Virginia Code § 7–17–9 provides that: The county fire board shall constitute and if authorized be created as a public corporation under the name provided for in its articles of incorporation and, as such, shall have perpetual succession, may contract with and be contracted with, sue and be sued and have and use a corporate seal.

Fire Department opted not to become a Fire Board member.

Next, the articles of incorporation pertaining to the Marion County Fire Board, provide only for the following:

1. The undersigned agree to become a corporation by the name of Marion County Fire Board, Inc.

2. The existence of this corporation is to be perpetual.

3. The purpose or purposes for which the corporation is organized are as follows:

    a. To provide an organization to coordinate and govern certain financial and organizational matters concerning fire fighting and fire prevention organizations in Marion County, West Virginia.

    b. To enter into and execute all contracts and agreements necessary for carrying out the purposes for which the corporation is formed.

    c. To further engage in any lawful act or promote any lawful activity.

4. The address of the initial principle office of the corporation is P.O. Box 1265, Fairmont, Marion County, West Virginia 26554.

5. The names and addresses of the incorporators. . . .

6. This corporation is a non-profit corporation and is not authorized to issue stock, and its officers and members are prohibited from profit making in connection with its activities or acts. Members shall be those persons appointed by the County Commission of Marion County, West Virginia, as pro-

vided in the by-laws of the corporation. . . .

Again, a membership provision pertaining to either withdrawal or mandatory membership of all voluntary fire departments is not present in the articles of incorporation.[3]

Finally, while W.Va.Code § 7–17–6 provides, in part, that "[t]he bylaws of the county fire board and standards of operation of the fire association shall be submitted to, and approved by, the state fire commission and county commission," the by-laws were not submitted as part of the record upon which this Court reviewed. Presumably, had there been by-laws of the corporation regarding withdrawal of members, those would have been part of the record.

Therefore, we hold that since neither W.Va.Code §§ 17–17–1 to –20, nor any of the pertinent articles of incorporation or by-laws address either withdrawal of a member volunteer fire department from a county fire board or require mandatory membership of a volunteer fire department in a county fire board, a volunteer fire department may withdraw from the public corporation and this in no way causes dissolution of the corporation.

Based upon the foregoing opinion, the judgment of the Circuit Court of Marion County is hereby affirmed.

Affirmed.

---

**3.** A membership provision was found in the articles for incorporation for the Fire Commission from whence the Fire Board originated. That provision provided:

> The membership of this corporation will consist of the fire chief of each member department or such other person as designated by him in writing. The departments whose chief or representative will be members of this corporation are: Barrackville Volunteer Fire Department, Baxter Volunteer Department, Boothsville Volunteer Fire Department, Bunner Ridge Volunteer Fire Department, Fairmont Fire Department, Fairview Volunteer Fire Department, Farmington Volunteer Fire Department, Grant Town Volunteer Fire Department, Mannington Volunteer Fire Department, Monongah Volunteer

Fire Department, Rivesville Volunteer Fire Department, Valley Volunteer Fire Department, Winfield District Volunteer Fire Department, Worthington Volunteer Fire Department.

> The corporation may establish conditions and performance standards for all departments necessary for the retention of membership by each department's chief or representative.

> The corporation may admit by three-fourths majority vote of the member chiefs or representatives of any other fire department serving Marion County now or in the future.

Upon review of this provision, we find neither a specific prohibition against a member withdrawing or a mandatory provision with regard to membership.